**MORROW v. UNITED STATES.**
No. 14131.

United States Court of Appeals
Fifth Circuit.
Jan. 29, 1953.

2. Treasury Regulations 111, Sec. 29.322–3, as amended.

W. L. Longshore, Birmingham, Ala., for appellant.

John D. Hill, U. S. Atty., George Huddleston, Jr., L. Drew Redden and J. Thomas King, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

PER CURIAM.

Charged with, and convicted of, the offense of having, in violation of Section 2421, 18 U.S.C.A., transported a woman from Chattanooga, Tennessee to Huntsville, Alabama, for the purpose of prostitution, defendant has appealed.

Here he assigns a single error, that the evidence which, as to the transportation charged, was entirely circumstantial, was wholly insufficient to support the verdict, and a judgment for acquittal should have been directed.

We do not think so.

It is true that there is a bitter irony in the record showing: that the defendant and his more than willing associate in prostitution lived in Arab, Alabama; that with defendant's assistance, she had practiced prostitution in that state; and that if she had gone directly from Arab to Huntsville, no federal offense would have been committed.

It is true, too, that, while there is direct and positive evidence, and defendant and the woman in a written confession admitted that they had gone together in defendant's automobile to Chattanooga, Tennessee, with the intention on the woman's part of practicing her profession there, there is no direct evidence that, as charged, he transported her for that purpose from Chattanooga to Huntsville.

There is evidence, though, that they registered together in Huntsville on the night charged, and many strong circumstances supporting the charge that she was taken there from Chattanooga for purposes of prostitution.

The record standing thus, and the law being what it has been decided to be, though we are well aware of the Pecksniffery involved in calling the woman in this case the victim of defendant's activities, we cannot do otherwise than say that the verdict finds support in the evidence and the judgment must be affirmed.